Lloyd. Judgment in favor of plaintiffs Morrison and Mead, entered on the verdict of a jury, unanimously affirmed, with costs. The court did not err in its charge. Neither car was " in the intersection or so near as to render it likely that a collision would occur " on either version of the incident (*Shea* v. *Judson*, 283 N. Y. 393). In any event, if error there was, it was not prejudicial. (Civ. Prac. Act, § 106.) Present — Close, P. J., Carswell, Johnston, Lewis and Aldrich, JJ.

NORMAN PAUL, Respondent, v. HERMAN PAUL, Appellant. (Appeal No. 1.) — In an action for dissolution of an alleged partnership and for an accounting, interlocutory judgment in favor of plaintiff adjudging that the partnership between the parties had been entered into on or about the 10th day of November, 1937, unanimously affirmed, with costs. No opinion. Present — Hagarty, Acting P. J., Carswell, Adel, Lewis and Aldrich, JJ.

NORMAN PAUL, Respondent, v. HERMAN PAUL, Appellant. (Appeal No. 2.) — In an action for an accounting of an alleged partnership, order denying motion of defendant to set aside an interlocutory judgment upon the ground of newly discovered evidence and that such judgment is predicated upon perjurious testimony of the plaintiff and his witnesses, unanimously affirmed, with $10 costs and disbursements. No opinion. Present — Hagarty, Acting P. J., Carswell, Adel, Lewis and Aldrich, JJ.

LOUIS PONZI, Appellant, v. CITY OF NEW YORK, Respondent, et al., Defendants.— Order directing the examination of plaintiff by a neurologist reversed on the law and the facts, without costs, and the matter remitted to Special Term. Section 306 of the Civil Practice Act does not contemplate the adoption by the court of the nominee of any party. Close, P. J., Carswell, Adel, Lewis and Aldrich, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH INDOVINO, Appellant. (Appeal No. 1.) — Appeal from a judgment of the County Court, Kings County, convicting defendant of the crime of murder in the first degree and sentencing him to life imprisonment. Judgment reversed on the law and the facts and a new trial ordered. (See *People* v. *Rudish*, 294 N. Y. 500.) Orders denying defendant leave to inspect the minutes of the grand jury, and to include them as part of the record on appeal, affirmed. Close, P. J., Hagarty, Carswell, Johnston and Lewis, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH INDOVINO, Appellant. (Appeal No. 2.) — Defendant appeals from two orders of the County Court, Kings County, denying his motions for a new trial on the ground of newly discovered evidence. In view of the determination on the appeal from the judgment of conviction (*People* v. *Indovino*, decided herewith *ante*, p. 949), the appeals are dismissed. Close, P. J., Hagarty, Carswell, Johnston and Lewis, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM MOSCA, Appellant.— Judgment of a City Magistrate, holding a Court of Special Sessions of the City of New York, Borough of Queens, convicting defendant of a violation of section 973 of the Penal Law (keeping gaming and betting establishment), unanimously affirmed. No opinion. Present — Close, P. J., Hagarty, Carswell, Johnston and Adel, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN J. SCHEPPA, Appellant.— Judgment of the County Court, Kings County, convicting defendant of the crime of extortion, unanimously affirmed. No opinion. Present — Close, P. J., Hagarty, Carswell, Johnston and Adel, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SIDNEY SOSNICK, Appellant.— Judgment of the Court of Special Sessions of the City of New

York, Borough of Brooklyn, convicting defendant of the crime of violating section 163 of the Sanitary Code of the City of New York (possession and sale of unhealthy, unsound, unwholesome and unsafe meat), unanimously affirmed. No opinion. Present — Close, P. J., Hagarty, Carswell, Johnston and Adel, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. UNEEDA LIVE POULTRY MARKET, INC., Appellant.— Judgment of the Court of Special Sessions of the City of New York, Borough of Brooklyn, convicting defendant of the crime of violating section 163 of the Sanitary Code of the City of New York (possession and sale of unhealthy, unsound, unwholesome and unsafe meat), unanimously affirmed. No opinion. Present — Close, P. J., Hagarty, Carswell, Johnston and Adel, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LOUIS WACKSTEIN, Appellant.— Judgment of the Court of Special Sessions of the City of New York, Borough of Queens, convicting defendant of the crime of violating section 483-b of the Penal Law, reversed on the law and the facts, the information dismissed and the defendant discharged. In our opinion defendant's guilt was not established beyond a reasonable doubt. Appeal from order denying defendant's motion for a new trial dismissed. Close, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur.

LILLIAN SCHLESINGER et al., Respondents, v. SPINGLER-VAN BEUREN ESTATES, INC., et al., Defendants, and PHILWECH HOLDING CORPORATION, Appellant.— Order granting motion by plaintiffs to open their default, to vacate a dismissal of the action, pursuant to rule 302 of the Rules of Civil Practice, and to restore the case to the trial calendar, affirmed, with $10 costs and disbursements. Upon this record the granting of the motion was a matter of discretion with the Special Term. Close, P. J., Carswell, Adel, Lewis and Aldrich, JJ., concur.

CONSTANCE SIMPSON et al., Respondents, v. 160 COLUMBIA HEIGHTS CORPORATION, Appellant.— In an action by the plaintiff wife to recover damages for personal injuries sustained when she fell on the service stair of defendant's multiple dwelling, due to inadequate illumination thereon, and by plaintiff husband for loss of services and for medical expenses, defendant appeals from a judgment in favor of the plaintiffs. Judgment unanimously affirmed, with costs. No opinion. Present — Close, P. J., Carswell, Johnston, Lewis and Aldrich, JJ. [See post, p. 991.]

LOUIS UNGER, Respondent, v. EAGLE FISH Co., INC., Appellant.— Action to recover damages for fraud. Order denying defendant's motion to dismiss the complaint on the ground that it is insufficient in law, affirmed, with $10 costs and disbursements. No opinion. Hagarty, Acting P. J., Carswell, Johnston, Adel and Lewis, JJ., concur. [185 Misc. 134.]

UNIVERSAL ASBESTOS CORPORATION, Appellant-Respondent, v. ALBINA MEEGAN et al., Respondents-Appellants.— Action in ejectment brought by the plaintiff to oust defendants from a portion of certain real property in Queens County. Defendants interposed a counterclaim which, in effect, required specific performance of a claimed lease of the premises and, in addition, sought damages. Upon answers by the jury to specific questions, judgment was entered dismissing the complaint without prejudice to plaintiff recovering rent under the lease of the premises, and it was directed that defendants should have a lease thereof in accordance with specified terms, without prejudice to asserting a claim for damages, if any, suffered by reason of the failure of the plaintiff to comply with certain provisions of the lease. There was a further provision that the plaintiff was required to execute the lease upon the tender of rent due to date. Judgment modified on the law and the facts by striking out the provision in reference to the making of repairs being conditioned on the tender or deposit